# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY, | |
| Plaintiff, | |
| v. | **Case No.** 11-C-1236 |
| GILMART LTD. and ANNA GIL, | **Judge:** John A. Nordberg |
| Defendants. | **Magistrate Judge:** Maria Valdez |

## TEMPORARY RESTRAINING ORDER

This matter came on for hearing on Plaintiff's Motion for Temporary Restraining Order to enforce the statutory trust provisions of the Perishable Agriculture Commodities Act, 7 U.S.C.§499e (c).

Upon review of the evidence, the court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiff ANTHONY MARANO COMPANY is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce. Plaintiff is a licensed dealer under the Perishable Agriculture Commodities Act of 1930, as amended, , 7 U.S.C. §499a, et seq. (hereafter "PACA").

2. Defendant GILMART LTD., is an Illinois corporation, subject to the PACA, and Defendant, ANNA GIL is the officer, director and/or shareholder of GILMART LTD.

3. Plaintiff ANTHONY MARANO COMPANY sold and delivered to Defendants, in interstate commerce, various wholesale lots of produce collectively worth $37,176.50.

4. When Defendants received the produce, Plaintiff became beneficiary in a statutory

trust, preserved in the aggregate amount of $37,176.50 consisting of all produce and produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants.

5. Plaintiff preserved its interests in the PACA trust in the unpaid aggregate amount of $37,176.50 by delivering invoices to Defendants, which contained the language required under Section 5( c)(4) of the PACA, 7 U.S.C. §499e ( c )4.

6. Defendants were required to pay for the produce within ten (10) days of delivery and have not done so.

## CONCLUSIONS OF LAW

A. Plaintiff is a beneficiary of the trust required to be maintained by Defendants under 7 U.S.C. § 499e( c)in the aggregate amount of $37,176.50.

B. The trust provisions of the PACA establish a non-segregated statutory trust under which Defendants are required to hold all produce, the proceeds realized from the sale of produce or produce-derived items and receivables from the sale of produce in trust for Plaintiff until Plaintiff receives full payment of $37,176.50 to Plaintiff ANTHONY MARANO COMPANY, 7 U.S.C. §499e(c)2.

C. Defendants have breached their fiduciary obligations under the trust provisions of the PACA.

D. It appears that Defendants are not maintaining sufficient assets in the statutory trust to pay Plaintiff and are dissipating PACA trust assets, and that unless the assets of Defendants are frozen, the assets will continue to be dissipated. As a result, Plaintiff will suffer immediate and irreparable harm because they will lose the trust assets that are owed under the PACA.

Based on the foregoing, it is by the United States District Court for the Northern District of Illinois.

ORDERED that Plaintiff's Motion for Temporary Restraining Order is granted; and it is further

ORDERED that Defendants, their customers, agents, officers, subsidiaries, assigns and banking institutions shall not alienate, dissipate, pay over or assign any assets of GILMART LTD., an Illinois corporation, and ANNA GIL, or their subsidiaries, related companies, heirs, or assigns except as set forth herein; and it is further

ORDERED that within two (2) business days [by April 6, 2011] of the date of this Order, Defendants shall file with this Court, with a copy to Plaintiff's counsel, an accounting which identifies all of the Defendants' assets and liabilities, each account receivable of GILMART LTD., an Illinois corporation, and ANNA GIL, signed under penalty of perjury; and that Defendants shall also supply to Plaintiff's counsel any and all documents in connection with the assets and liabilities of GILMART LTD., an Illinois corporation, and ANNA GIL, and their related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns; and it is further

ORDERED that Defendants shall, within two (2) business days [by April 6, 2011] of service of this Order, pay any and all funds realized from the sale of produce or products derived from produce in its possession up to $37,176.50 to ORDOWER & ORDOWER, P.C., One North LaSalle Street, Suite 1300, Chicago, Illinois 60602, attorneys for Plaintiff, for payment to Plaintiff; and it is further

3

ORDERED that any and all funds belonging to GILMART LTD., an Illinois corporation, and ANNA GIL in the possession of third parties, including all funds belonging to GILMART LTD., an Illinois corporation, and ANNA GIL, on deposit at banking institutions, up to $37,176.50, shall be ~~immediately~~ paid to <u>ORDOWER & ORDOWER, P.C., One North LaSalle Street, Suite 1300, Chicago, Illinois 60602</u>, attorneys for Plaintiff, for payment to Plaintiff *by April 6, 2011*, and it is further

ORDERED that any and all funds owed to GILMART LTD., an Illinois corporation, and ANNA GIL, for produce or produce related items, shall be paid directly to <u>ORDOWER & ORDOWER, P.C., One North LaSalle Street, Suite 1300, Chicago, Illinois 60602</u>, attorneys for Plaintiff, for payment to Plaintiff.

DATED: *March 30, 2011*

*John A. Nordberg*
U. S. District Court Judge

C:\Documents and Settings\MIKE2\My Documents\M Stanley\Marano\Gilmart\GilmartTRO\AMCvGilmartOrderTRO032811.wpd